**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.J.-1 and J.J.-2**

**No. 22-838** (Ohio County CC-22-JA-60 and CC-22-JA-61)

**MEMORANDUM DECISION**

Petitioner Mother M.R.[1] appeals the Circuit Court of Ohio County's September 15, 2022, order terminating her parental rights to J.J.-1 and J.J.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On April 15, 2022, the DHHR filed a petition alleging that petitioner allowed a wanted sex offender to reside in the home with the children; she named the sex offender as an emergency contact for the children at their school; she was previously evicted for residing with that sex offender; she failed to recognize the issue with allowing the sex offender to reside with her and the children; after a safety plan was developed, she fled to another state; she had a Child Protective Services ("CPS") history in Ohio after it was alleged she supplied substances and alcohol to children and engaged in sexual activity with a minor while the children resided with her; and when she returned to West Virginia, referrals were made to CPS between June 2021 and January 2022 for homelessness, lack of food, unsanitary conditions of the home, lack of beds, exposure of the children to drug abusers, drug use in the home, lack of utilities, and inadequate and unsafe housing. Finally, the petition alleged that petitioner engaged in domestic violence.

Petitioner waived her right to a preliminary hearing. An adjudicatory hearing was held on May 24, 2022, and the circuit court entered its order from that hearing on July 5, 2022. Petitioner stipulated that she had not provided stable housing, had mental health issues that affected her parenting, and had associated herself with inappropriate people that led to domestic violence where

---

[1]Petitioner appears by counsel John M. Jurco. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Tyler L. Cline appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children share the same initials, we have included numbering to differentiate them.

1

the children were present. The court, therefore, found that petitioner was an abusive and/or neglectful parent and that the children were abused and/or neglected children. On May 31, 2022, the court ordered that petitioner undergo a psychological evaluation, but petitioner did not appear for that evaluation and subsequently hung up on a caseworker who offered to reschedule the evaluation.

Petitioner failed to appear for her August 4, 2022, dispositional hearing, but she was represented by counsel. The court heard testimony from a CPS worker that petitioner did not attend any drug screens, did not attend her scheduled psychological evaluation, and did not attend any in-person visitations with the children. It also heard testimony that petitioner claimed she could not travel to some appointments and in-person visitations due to a fear of riding in cars, but the father and children reported riding in cars with her numerous times without incident and no medical evidence was presented supporting the claimed phobia. The DHHR requested the termination of petitioner's parental rights due to her lack of participation in services offered. In terminating petitioner's parental rights and denying her motion for a post-adjudicatory improvement period, the court determined that petitioner had not participated in any services and had failed to meet her burden of proof that she would fully participate in an improvement period or that an improvement period was warranted, as the same would be futile. The court went on to find that none of the issues petitioner stipulated to had been addressed in a substantive and effective manner nor had they been sufficiently remedied. It, therefore, found that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future and that it was necessary for the welfare of the children to terminate petitioner's parental rights.[3] *See* W. Va. Code § 49-4-604(c)(6) (specifying reasons to terminate parental rights). Petitioner appeals from that September 15, 2022, order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). In her single assignment of error, petitioner alleges that the circuit court erred by terminating her parental rights. Contrary to the evidence in the record, petitioner asserts that she played "an active role in the case, at least in part," citing her attendance at the waived preliminary hearing and one multidisciplinary team meeting and her "semi-regular telephone contact with the children during the case." She further claims that she has a strong relationship and emotional bond with the children, asserting that she should have been given an additional six to eighteen months to "fix her own problems" prior to any possible termination. Her contention that she was entitled to that time is based on her speculative assertion that the father would receive six to nine months to fix problems and that his post-adjudicatory improvement period "may potentially be extended" for a post-dispositional improvement period.

While it is true that the children reported they enjoyed their supervised telephone calls with petitioner, and the father retained his parental rights at the time petitioner's rights were terminated, this Court has held that West Virginia Code § 49-4-604 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the

_____

[3]The father retains his parental rights to the children pursuant to West Virginia Code § 49-4-604(c)(5). The permanency plan for the children is legal guardianship with their paternal grandfather.

2

circumstances so warrant." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Thus, the court did not err in terminating petitioner's parental rights while leaving the father's intact. The record shows that the children would exhibit anger, cuss, throw items, lash out, and cry when petitioner did not call at the scheduled times, sometimes consecutively missing calls for weeks. Further, it is undisputed that petitioner did not participate in drug screens, her scheduled psychological examination, or the other services the DHHR tried to provide. We, therefore, find no error in the circuit court's conclusion that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. *See* W. Va. Code § 49-4-604(d)(3) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]"); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that [the] conditions of neglect or abuse can be substantially corrected") (citation omitted)).

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3